Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:   (415) 268-1999
Email:      matt.jaksa@hro.com

Attorneys for Plaintiffs,
VIRGIN RECORDS AMERICA, INC.;
INTERSCOPE RECORDS; CAPITOL
RECORDS, INC.; UMG RECORDINGS,
INC.; ARISTA RECORDS LLC; and
WARNER BROS. RECORDS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and WARNER BROS. RECORDS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NATALIE MILES, <br><br> Defendant. | CASE NO. 5:07-CV-03088-PVT <br><br> Honorable Patricia V. Trumbull <br><br> **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

**JURISDICTION AND VENUE**

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.      This Court has personal jurisdiction over the Defendant, Natalie Miles, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.      Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

5.      Plaintiff Interscope Records is a California general partnership, with its principal place of business in the State of California.

6.      Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8.      Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9.      Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

10.     Plaintiffs are informed and believe that Defendant is an individual who resided in Santa Cruz, California, within this District, at the time of the infringement complained of herein. Upon information and belief, Defendant may still be found in this District.

1

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

11.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

12.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

13.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

14.     Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

15.     Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a

2

1   router) that connects to a P2P network must have a unique IP address within the Internet to deliver

2   files from one computer or network device to another. Two computers cannot effectively function if

3   they are connected to the Internet with the same IP address at the same time.

4        16.    Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP

5   address 169.233.14.254 on March 11, 2007 at 22:58:39 EDT distributing 599 audio files over the

6   Internet. The Defendant was identified as the individual responsible for that IP address at that date

7   and time. Plaintiffs are informed and believe that as of March 11, 2007, Defendant, without the

8   permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to

9   download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date

10  and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission

11  or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's

12  continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted

13  Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has

14  violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute

15  infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16       17.    In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and

17  believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded

18  and/or distributed to the public additional sound recordings owned by or exclusively licensed to

19  Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are

20  ongoing.

21       18.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

22  each respective album cover of each of the sound recordings identified in Exhibit A. These notices

23  of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

24  These published copies were widely available, and each of the published copies of the sound

25  recordings identified in Exhibit A was accessible by Defendant.

26       19.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

27  willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

28

3

20. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

21. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

///

///

///

4

First Amended Complaint for Copyright Infringement
Case No. 5:07-cv-03088-PVT
#34241 v1

1      5.     For such other and further relief as the Court may deem just and proper.

2    Dated: December 7, 2007              HOLME ROBERTS & OWEN LLP

3

4                                        By: _____

5                                        MATTHEW FRANKLIN JAKSA
                                         Attorney for Plaintiffs
6                                        VIRGIN RECORDS AMERICA, INC.;
                                         INTERSCOPE RECORDS; CAPITOL
7                                        RECORDS, INC.; UMG RECORDINGS, INC.;
                                         ARISTA RECORDS LLC; and WARNER
8                                        BROS. RECORDS INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

First Amended Complaint for Copyright Infringement
Case No. 5:07-cv-03088-PVT
#34241 v1

# **EXHIBIT A**

## EXHIBIT A

## NATALIE MILES

**IP Address:** 169.233.14.254 2007-03-11 22:58:39 EDT          **CASE ID#** 121440881

**P2P Network:** Gnutella          **Total Audio Files:** 599

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Capitol Records, Inc. | Blondie | Heart of Glass | Parallel Lines | 4-090 |
| Capitol Records, Inc. | Everclear | Wonderful | Songs from an American Movie - Vol. 1, Learning How to Smile | 284-811 |
| Interscope Records | No Doubt | Bathwater | Return Of Saturn | 279-727 |
| Virgin Records America, Inc. | Spice Girls | 2 Become 1 | Spice | 201-276 |
| UMG Recordings, Inc. | Weezer | Undone (The Sweater Song) | Weezer | 187-644 |
| Arista Records LLC | Ace of Base | All That She Wants | The Sign | 169-749 |
| Interscope Records | No Doubt | Hella Good | Rock Steady | 305-872 |
| UMG Recordings, Inc. | The Police | Roxanne | Roxanne (single) | 4-190 |
| Warner Bros. Records Inc. | Rod Stewart | Forever Young | Out Of Order | 92-430 |