Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:         matt.jaksa@hro.com

Attorneys for Plaintiffs,
VIRGIN RECORDS AMERICA, INC.;
INTERSCOPE RECORDS; CAPITOL
RECORDS, INC.; UMG RECORDINGS,
INC.; ARISTA RECORDS LLC; and
WARNER BROS. RECORDS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and WARNER BROS. RECORDS INC., a Delaware corporation,<br>　　　　　　　　　Plaintiffs,<br>　　v.<br>NATALIE MILES,<br>　　　　　　　　　Defendant. | CASE NO. C 07-03088 PVT<br><br>Honorable Patricia V. Trumbull<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

1    Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs
2 respectfully request that the Court grant an additional 60 days to serve Defendant Natalie Miles with
3 the Summons and Complaint.  As further explained below, the initial Complaint in this matter was
4 filed against a "John Doe" Defendant, and after subsequently filing the First Amended Complaint
5 naming Natalie Miles as Defendant, Plaintiffs have so far been unsuccessful in accomplishing
6 service despite multiple attempts to do so.  In support of their request, Plaintiffs state as follows:

7    1.    The current deadline for service of process is January 9, 2008.  The Court issued an
8 Order on September 12, 2007 granting Plaintiffs' previous request for an extension of the service
9 deadline from the original date of October 11, 2007.  The initial case management conference is
10 scheduled for January 22, 2008, and the Court twice previously issued Orders (September 12, 2007
11 and December 6, 2007) continuing the case management conference in response to Plaintiffs'
12 requests.

13    2.    Plaintiffs filed a John Doe Complaint on June 13, 2007 alleging that Defendant used
14 an online media distribution system to download and/or distribute certain of Plaintiffs' copyrighted
15 sound recordings, and that such acts constituted infringement of Plaintiffs' copyrights and/or
16 exclusive rights under copyright.  Plaintiffs did not have sufficient identifying information to name
17 Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address
18 assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, University of
19 California, Santa Cruz.

20    3.    In order to determine the true name and identity of a Doe defendant, it is Plaintiffs'
21 practice to file an *Ex Parte* Application for Leave to Take Immediate Discovery requesting that the
22 Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

23    4.    The Court issued an Order for Leave to take Immediate Discovery, which was served
24 upon the ISP along with a Rule 45 subpoena.  The ISP responded on August 29, 2007 and identified
25 Natalie Miles as the infringer.  The ISP identified Ms. Miles' address as 20511 Callieburn Circle,
26 Huntington Beach, California.

27    5.    In hopes of resolving the dispute without further litigation, Plaintiffs attempted to
28 notify the Defendant of their claim by sending a letter to her at the Huntington Beach address.  That

Ex Parte Application to Extend Time to Serve Defendant and [Proposed] Order
Case No. C 07-03088 PVT
#34693 v1

1 mail was not returned by the postal service. Plaintiffs also made attempts to reach Defendant by
2 telephone. Defendant did not respond to these efforts.

3       6.     Once Plaintiffs were convinced that the Defendant would not respond and that the
4 matter could not be resolved amicably, and pursuant to the Court's Order of December 6, 2007
5 directing Plaintiffs to promptly file an amended complaint, Plaintiffs filed the First Amended
6 Complaint naming Natalie Miles as the Defendant on December 7, 2007.

7       7.     The Clerk issued the Summons on the same date and it was promptly forwarded to a
8 process server for service upon the Defendant.

9       8.     To date, the process server has been unsuccessful in serving the Defendant. *See*
10 Affidavit of Reasonable Diligence ("Affidavit"), filed herewith in support of this *Ex Parte*
11 Application.

12       9.     When the process server went to the address supplied by the University ISP the
13 Defendant's father advised that the Defendant was away at school but did not provide her school
14 address. *See* Affidavit.

15       10.     Plaintiffs thereafter conducted database research and contracted for an investigation
16 to ascertain a suitable location for service. The results of that investigation are still pending.

17       11.     Plaintiffs also requested that the process server return to the Huntington Beach
18 address during the Christmas recess to again attempt to serve the Defendant. Such further attempts
19 have been unsuccessful. *See* Affidavit.

20       12.     Given the circumstances of this case, Plaintiffs respectfully request an additional 60
21 days to effectuate service.

22       13.     Plaintiffs' diligence in seeking to serve the Defendant demonstrates "good cause"
23 under Rule 4 for an extension of time for service. *See Gambino v. Village of Oakbrook*, 164 F.R.D.
24 271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff
25 made a "reasonable effort to serve defendant"). This Court has discretion to enlarge the time to
26 serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5
27 (1996).

28

14. Because the copyright infringements in this case occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Summons and Complaint.

Dated: January 4, 2008.

HOLME ROBERTS & OWEN LLP

By: ___*/s/ Matthew Franklin Jaksa*___
Matthew Franklin Jaksa
Attorney for Plaintiffs
VIRGIN RECORDS AMERICA, INC.; INTERSCOPE RECORDS; CAPITOL RECORDS, INC.; UMG RECORDINGS, INC.; ARISTA RECORDS LLC; and WARNER BROS. RECORDS INC.

# [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) 6(b)(1)(A), Plaintiffs' time to serve the Summons and Complaint on Defendant is extended to March 9, 2008.

Dated: _____        By: _____
Honorable Patricia V. Trumbull
United States Magistrate Judge

---

Ex Parte Application to Extend Time to Serve Defendant and [Proposed] Order
Case No. C 07-03088 PVT
#34693 v1